Mr. Cunico was a corporate executive. A District Director of Internal Revenue has assessed against him a penalty of $23,871.38 under I.R.C. § 6672 by reason of failure by the corporation to pay withholding taxes on its employees’ wages for a quarter ended June 30, 1975. Plaintiff paid $1,541, filed a claim for refund, and on its disallowance, sued for recovery of that payment. Defendant counter *798 claims for the remainder of the penalty. Defendant moves for summary judgment, referring, however, to its policy not to collect more penalty under this law than is necessary to make the government whole for its losses of revenue.
Plaintiffs response indicates that the matters now at issue are not great. Plaintiff concedes his liability to pay a 100 percent penalty on the amount of the unpaid employment taxes for the quarter involved, but wants credit for all previous payments made on behalf of the corporation, and those by himself or one Irving Macllrath, such payment to reduce the amount of the original penalty assessment. Plaintiff suggests a remand to the trial division under Rule 134 to compute his liability with the benefit of these credits.
Defendant suggests the reference be under Rule 131(c)(2) and refers us to Gens v. United States, 222 Ct.Cl. 407, 615 F.2d 1335 (1980), as explaining its unwillingness to agree now that plaintiff shall have credit for the payments of others. It reiterates its willingness to be satisfied with being made whole.
Whatever was otherwise cryptic about the citation of Gens is explained, apparently, by the point made in Part II of that opinion, that full recovery of contributions to the penalty by others is effected when not only have these others paid, but their claims for refund have been disposed of. This court also refers in Gens to a party who paid but who has received a refund pursuant to a settlement involving other years. Defendant, says the court, can choose the parties from whom it will collect, at least when it acts in good faith.
Defendant’s entitlements being as thus stated, it is clear that a money judgment can be entered only after our trier of fact has settled the account and struck the balance, applying the applicable principles.
Accordingly, we hold that plaintiff is not entitled to recover on his claim in chief. Defendant is entitled to recover on its counterclaim, but before a money judgment is entered, it will be necessary to settle and determine the amount owing in light of the policy to which defendant has bound itself identified in Gens as I.R.S. Policy Statement P-5-60. For this purpose, the cause is remanded to the trial division under Rule 131(c)(2).
*799 On October 13, 1982 judgment was entered for defendant for $10,638.12 pursuant to order of October 8,1982.